**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Kushinda Furaha Zeleke,

Plaintiff,

v.

Phyllis Wheatley Community Center, and Metropolitan Alliance of Connected Communities,

Defendants.

No. 25-cv-2784 (KMM/SGE)

**ORDER**

---

On July 24, 2026, the Court entered an Order dismissing the Second Amended Complaint filed by Plaintiff Kushinda Furaha Zeleke. (Order, Dkt. 52.) Mr. Zeleke then filed a Notice of Appeal to the Eighth Circuit (Dkt. 55) and, pursuant to District of Minnesota Local Rule 7.1(j), a letter timely requesting permission to file a Rule 59(e) Motion (Dkt. 54). Mr. Zeleke seeks to have this Court reconsider its Order granting Defendants' motion to dismiss. For the reasons that follow, the request is denied.

Local Rule 7.1(j) requires a party seeking reconsideration of an order to obtain permission to file a motion for reconsideration. D. Minn. LR 7.1(j). A party is only granted permission to file such a motion when it has shown "compelling circumstances." *Id*. Motions for reconsideration serve the limited purpose of "correct[ing] manifest errors of law or fact or . . . present[ing] newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). "[G]ranting permission to file a motion to reconsider is

appropriate when necessary to afford a party 'an opportunity for relief in extraordinary circumstances.'" *United States v. Mustafa*, No. 14-cr-261(5) (JRT/BRT), 2021 WL 925561, at *1 (D. Minn. Mar. 5, 2021) (quoting *Shukh v. Seagate Tech., LLC*, No. 10-cv-404 (JRT/JJK), 2011 WL 2880726, at *1 (D. Minn. July 18, 2011)).

Mr. Zeleke's motion for reconsideration may also be construed as a motion for relief from a judgment under Federal Rule of Civil Procedure 60. A party may obtain relief from a final judgment by showing there was a mistake, newly discovered evidence, fraud by an opposing party, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6). Under Rule 60(b), if any of the specific grounds listed in paragraphs (b)(1) through (b)(5) are not applicable, the catchall provision in (b)(6) makes relief available only when "extraordinary circumstances . . . justify reopening." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (cleaned up).

Whether Mr. Zeleke's motion is considered a motion for reconsideration under Local Rule 7.1(j) or for relief from the judgment under Fed. R. Civ. P. 60(b), he has not made the showing necessary to obtain relief. Mr. Zeleke argues that compelling circumstances exist for reconsideration and that "focused errors" were made with respect to the "existing record." (Dkt. 54 at 1.) The Court has closely reviewed his assertions, including the cited portions of the record, and finds no manifest error of law or fact. Nor has Mr. Zeleke identified any newly discovered evidence or misconduct that would justify relief from the final judgment. Mr. Zeleke's letter presents, primarily, a disagreement with the Court's ruling.

**ORDER**

The Court has carefully considered the arguments presented in Mr. Zeleke's motion and finds that they do not constitute extraordinary circumstances in which granting a motion for reconsideration or for relief from the judgment are appropriate. The request for reconsideration (Dkt. 54) is **DENIED**.

Date: October 27, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge